PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON E.T. CATO,

        Plaintiff,

    v.                                                        **ORDER**

ZWELLER, Ontario County Sheriff's                 6:21-CV-6207 EAW
Deputy,

        Defendant.

---

*Pro se* plaintiff Jason E.T. Cato ("Plaintiff") is a prisoner confined at the Marcy

Correctional Facility.  He filed a complaint (Dkt. 1) asserting claims under 42 U.S.C.

§ 1983 based on events that occurred in 2019 while he was confined at the Ontario County

Jail (the "Jail").  The Court granted Plaintiff's motion to proceed *in forma pauperis* and, as

required by 28 U.S.C. §§ 1915 and 1915A, screened the complaint.  (Dkt. 12).

The Court dismissed with prejudice the claims alleging violations of the Religious

Freedom Restoration Act and the Religious Land Use and Institutionalized Persons Act.

(*Id.* at 8-9, 15).  The Court found that the First Amendment claim against the defendant

identified as "Correction Officer or Deputy Sheriff Zweller" ("Zweller") was sufficient to

proceed to service.  (*Id.* at 8, 15).  With regard to Plaintiff's various claims against the

remaining defendants, the Court found that they were insufficiently pleaded but afforded

Plaintiff an opportunity to file an amended complaint.  (*Id.* at 10-15).  The Court cautioned

Plaintiff that if he failed to file an amended complaint as directed within 45 days of the

- 1 -

date of the screening order, all of the defendants except Zweller would be terminated.  (*Id.* at 15).

Plaintiff did not file an amended complaint within the 45-day deadline or request an extension of time to do so.  Accordingly, the Clerk of Court terminated Thorpe, Cummings, Pancoast, Lazada, Storie, Dietschler, Shannon, Gerstner, and Waite as defendants.  On February 17, 2023, the Clerk of Court issued a summons as to Zweller for service by the United States Marshal.

By letter dated March 1, 2023, the Ontario County Attorney ("OCA") notified the Court that:

> Ontario County has no record of an employee with the first or last name of "Zweller" during the timeframe at issue in the Complaint relevant to this allegation against him or her, specifically 2019.  Also, Ontario County does not currently have an employee with such name.

(Dkt. 13 at 2).  The OCA stated that it was unable to accept service on behalf of an individual for which the County had no record of employment.  (*Id.*).  Zweller, the sole remaining defendant in this action, thus remains unserved.

"The 'general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit' has been relaxed in actions brought by *pro se* litigants, but it has not been eliminated."  *Dolce v. Suffolk County*, No. 12-CV-0108 JFB WDW, 2014 WL 655371, at *6 (E.D.N.Y. Feb. 20, 2014) (quoting *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)), *aff'd*, 599 F. App'x 15 (2d Cir. 2015).  Although Plaintiff is entitled to assistance from the Court in identifying an unknown defendant, it is still Plaintiff's responsibility to provide sufficient identifying information to permit the OCA to identify

the individual whom he seeks to sue in this action.  *See Valentin*, 121 F.3d at 75.

Accordingly, Plaintiff is directed to provide any information he has that might assist the

OCA in ascertaining the identity of the individual whom Plaintiff has incorrectly identified

as Zweller.  That information includes, but is not limited to, the following:

- the time of day and location within the Jail that Zweller allegedly denied Plaintiff permission to attend religious services on Easter Sunday in April of 2019;

- a physical description of Zweller (e.g., height, weight, build, skin color, hair color, facial hair or cleanshaven, race/ethnicity, sex/gender, approximate age);

- the rank or title held by Zweller if Plaintiff knows this information;

- the days of the week and shift-times that Zweller usually worked at the Jail in April of 2019, if Plaintiff knows this information.

Plaintiff must file his response with the Court within **30 days** of the date of this

order.

## ORDER

It is hereby ORDERED that Plaintiff's response providing the identifying

information requested above is due within **30 days** of the date of this order.

SO ORDERED.

Dated:      March 3, 2023
            Rochester, New York


ELIZABETH A. WOLFORD
Chief Judge
United States District Court