UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON E.T. CATO,

                    Plaintiff,                          **DECISION AND ORDER**

          v.                                            6:21-CV-06207 EAW

ADAM W. WELLER,

                    Defendant.

_____

## INTRODUCTION

*Pro se* plaintiff Jason E.T. Cato ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against Ontario County Sheriff's Deputy Adam Weller ("Defendant"), alleging that Defendant violated his First Amendment right to the free exercise of religion by barring him from attending an Easter Sunday service in April 2019 at the Ontario County Jail. (Dkt. 20). Presently before the Court are Defendant's motion to dismiss (Dkt. 34), Plaintiff's motion for leave to file a second amended complaint (Dkt. 36), and Plaintiff's motion for an order regarding a pretrial conference and discovery demands (Dkt. 44).

For the following reasons Plaintiff's motion for leave to amend his complaint (Dkt. 36) is granted in part and denied in part; Defendant's motion to dismiss (Dkt. 34) is denied as moot; and Plaintiff's motion for an order related to pretrial conference and discovery demands (Dkt. 44) is denied.

- 1 -

## BACKGROUND

The following facts are taken from the first amended complaint (Dkt. 20)—the operative pleading. As required on a motion to dismiss, the Court treats Plaintiff's well-pleaded factual allegations as true.

Plaintiff was arrested on August 31, 2018, and incarcerated at the Ontario County Jail for two years and three months. (Dkt. 20 at ¶ 16). Plaintiff is a registered Rastafarian and worships the Bible. (*Id.* at ¶ 28). While he was incarcerated, Plaintiff attended "Protestant services" at the jail on Sundays from August to October in 2018 and again from February 2019 to April 2021. (*Id.*). These were the only religious services provided by the Ontario County Jail. (*Id.*). On Easter Sunday in 2019, Defendant instructed the cellblock officer that Plaintiff could not attend the Sunday service because he was a Rastafarian. (*Id.*).

Plaintiff initiated this action on March 4, 2021, by filing a complaint in which he asserted Constitutional and statutory claims against several Ontario County Sherrif's deputies and Ontario County Jail corrections officers. (*See* Dkt. 1). In the initial complaint, Plaintiff identified Defendant as "Zweller." (*See id.*). Upon screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court permitted Plaintiff's free exercise claim to proceed against "Zweller." (Dkt. 12 at 8). That Decision and Order also granted Plaintiff 45 days to file an amended complaint and stated that if Plaintiff did not file an amended complaint, then the U.S. Marshals Service would serve "Zweller." (*Id.* at 15-16). It was also mailed to the Ontario County Attorney's Office, along with a copy of the complaint. (*Id.* at 16). Plaintiff did not file an amended complaint within the 45-day

period outlined in the order and a summons was issued for "Zweller" on February 17, 2023, which was returned unexecuted on April 6, 2023. (*See id.*; Dkt. 16).

Prior to filing a notice of appearance, Defendant's counsel sent a letter dated March 1, 2023, to the Court on behalf of Ontario County stating that Ontario County could not accept service for "Zweller – Sherrif's Deputy" because the county did not have an employment record for that individual. (Dkt. 13). Upon receipt of that letter, the Court ordered Plaintiff to provide more information to help the Ontario County Attorney's Office identify "Zweller" within 30 days. (Dkt. 14 at 3). Plaintiff never provided that information. Instead, Plaintiff requested an extension of time to file his first amended complaint (Dkt. 15), which the Court granted on April 25, 2023 (Dkt.19). Before the Court granted Plaintiff's extension of time to amend his complaint, Defendant's counsel filed a second letter on April 19, 2023, requesting dismissal of the action because Plaintiff did not provide information to identify "Zweller" as ordered by the Court within the 30-day timeframe. (Dkt. 17). The Court denied this request because Defendant's counsel did not represent any party at the time dismissal was requested. (Dkt. 18). Plaintiff filed an amended complaint on June 5, 2023, in which he changed the name of Defendant from "Zweller" to "Weller." (*See* Dkt. 20). Upon screening the amended complaint, the Court once again permitted Plaintiff's free exercise claim against Defendant to proceed and dismissed all other defendants and claims. (Dkt. 25 at 22-23). A summons was issued for Defendant and he was ultimately served on April 4, 2024. (Dkt. 32).

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on April 24, 2024. (Dkt. 34). Plaintiff then filed a proposed second amended complaint on May 22, 2024

(Dkt. 36), which the Court construed as a motion for leave to amend his complaint (Dkt. 38). Defendant responded to Plaintiff's motion for leave to amend the complaint on June 19, 2024 (Dkt. 42), and Plaintiff responded to the motion to dismiss on July 11, 2024 (Dkt. 43). Plaintiff then filed a motion seeking to know the status of a requested pretrial settlement conference and responses to his discovery demands. (Dkt. 44).[1]

## DISCUSSION

## I.  Motion for Leave to Amend

After Defendant filed his motion to dismiss, Plaintiff filed a proposed second amended complaint, which the Court construed as a motion for leave to file an amended complaint. (*See* Dkt. 36; Dkt. 38).

As an initial matter, Plaintiff's motion for leave to amend did not comply with the Court's local rules. Local Rule 15(a) provides:

> A movant seeking to amend or supplement a pleading or to join or interplead parties pursuant to Fed. R. Civ. P. 14, 15, or 19–22 must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

---

[1]    In Docket 44, Plaintiff requested "[t]o know the whereabouts of the Plaintiffs [sic] Motions filed pursuant to Rule (26) and (16)(a)(5). . . ." (Dkt. 44 at 1). Plaintiff stated that "[t]he motions consist of Rule (26) Discovery and Rule (16)(a)(5) Facilitate settlement for an undisclosed amount of $17,500. . . ." (*Id.*). Plaintiff previously filed a motion in which he "move[d] to facilitate settlement pursuant to Fed. R. Civ. P. Rule 16(a)(5)" at Docket 24. (*See* Dkt. 24 at 4). The Court denied that motion as premature because no defendant had appeared in the action at that point. (Dkt. 25 at 4). Plaintiff also filed discovery demands at Docket 23. Those demands are also premature as this action is still in the pleadings stage. Plaintiff's motion at Docket 44 does not request any action from the Court and is therefore denied.

Loc. R. Civ. P. 15(a).  That said, "[i]t is within the district court's discretion to excuse non-compliance with local rules."  *KeyBank Nat'l Ass'n v. Beauty Quest Skincare, LLC*, No. 1:21-CV-778, 2022 WL 1488676, at *2 (W.D.N.Y. May 11, 2022) (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000)).  Given his *pro se* status, the Court will excuse Plaintiff's noncompliance with the local rules regarding his proposed second amended complaint.

As noted above, Plaintiff only filed a proposed second amended complaint rather than a motion seeking the Court's permission.  (*See* Dkt. 36).  "A party may amend its pleading *once* as a matter of course."  Fed. R. Civ. P. 15(a)(1) (emphasis added); *see U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015) (holding that the plaintiff "took advantage of this one-time opportunity . . . when he filed his first amended complaint" and was "obligated to secure leave of court before any further amendments to his complaint could be effected").  When amendment as a right is no longer available, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Defendant argues that the Court should deny Plaintiff's request for leave because the proposed second amended complaint "alleges new material facts that directly contradict those within the operative Complaint" (Dkt. 42 at 5) (emphasis omitted), and because the proposed second amended complaint fails to cure the purported defects Defendant raised in his motion to dismiss, rendering the proposed amendments futile (*id.* at 7-9).  The Court will permit Plaintiff to proceed on the proposed second amended complaint to the extent

that the factual allegations in the proposed second amended complaint are not in direct conflict with his prior pleading.

### A. Factual Contradictions

Defendant argues that the Court should reject the proposed second amended complaint because it alleges facts that contradict the allegations in the first amended complaint. (*Id.* at 5). Defendant asserts that Plaintiff materially changed the alleged facts "to plead around the fatal defect of untimeliness" as raised in Defendant's motion to dismiss. (*Id.* at 6).

"Where a 'plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts described in the original complaint as true.'" *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 CIV 0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009) (quoting *Wallace v. N.Y.C. Dep't of Corr.*, No. 95 Civ. 4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996)). This inquiry "may be one of degree, distinguishing between 'blatant' or 'directly contradict[ory]' allegations, and allegations that 'can best be described as clarifying but . . . inconsistent.'" *Palm Beach Strategic Income, LP v. Salzman*, No. 10-CV-261 (JS) (AKT), 2011 WL 1655575, at *5 (E.D.N.Y. May 2, 2011), *aff'd*, 457 F. App'x 40 (2d Cir. 2012) (alterations in original) (quoting *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 266 (S.D.N.Y. 2008)).

Plaintiff's allegations in the proposed second amended complaint concerning the number of religious services he was prohibited from attending directly conflict with the

allegations in his prior pleading.  In Plaintiff's first amended complaint, he alleges that Defendant only barred him from attending the Easter Sunday service in April 2019.  (Dkt. 20 at ¶ 28).  Other than that one instance, Plaintiff states that he "attend[ed] Sunday services at the jail from (August 2018) until (October 2018) and again from (February 2019) until (April 2021)." (*Id.*) (parentheses in original).  By contrast, in the proposed second amended complaint, Plaintiff alleges that he "was deprived of his right to religious service every Sunday for the next two (2) years from April 21st, 2019 Easter until April 27th, 2021." (Dkt. 36 at 18).[2]  Plaintiff does not explain the contradictory factual allegations.  Defendant contends that Plaintiff changed his factual allegations in an "attempt to plead around the fatal defects highlighted by [Defendant's] Motion to Dismiss," in which Defendant asserts that Plaintiff's claim is time barred.  (Dkt. 42 at 5).

Because of Plaintiff's lack of explanation and plain contradiction with his prior pleading, the Court agrees that the changed factual allegations appear to improperly try to circumvent Defendant's statute of limitations defense.  Furthermore, Plaintiff's first amended complaint was sworn before a notary public (*see* Dkt. 20 at 28), but the proposed second amended complaint is unsworn.  Although the Court will permit Plaintiff to proceed on the proposed second amended complaint, the Court will not accept Plaintiff's new unsworn factual allegations that directly conflict with his previously sworn submissions.  Accordingly, Plaintiff may proceed on the proposed second amended complaint but the

---

[2]    Although Plaintiff's proposed second amended complaint includes numbered paragraphs, Plaintiff's use of separate numbered paragraphs is infrequent and the paragraphs often span multiple pages.  For ease of reference, the Court will cite to page numbers for Docket 36 rather than the numbered paragraphs.

Court will not accept the changed factual allegations regarding the additional number of Sunday services Plaintiff was barred from attending.

## B. Whether Amendment Would be Futile

Defendant also contends that the Court should deny Plaintiff's motion to amend because the proposed second amended complaint suffers the same defects outlined in Defendant's motion to dismiss.  (Dkt. 42 at 7-9).  "Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile." *Cordaro v. Dep't of Def.*, No. 6:19-CV-06601 EAW, 2021 WL 363791, at *2 (W.D.N.Y. Feb. 3, 2021) (quoting *Murdaugh v. City of New York*, No. 10 CIV. 7218 HB, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011)).  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Neal v. Wilson*, 239 F. Supp. 3d 755, 758 (S.D.N.Y. 2017) (quoting *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

### 1. Free Exercise Claim

Defendant argues that Plaintiff's proposed second amended complaint does not adequately plead a free exercise violation for the reasons set forth in his motion to dismiss. (Dkt. 42 at 7.) In his motion to dismiss, Defendant argues that Plaintiff's free exercise claim should be rejected because "Plaintiff failed to allege that his 'sincere religious beliefs <u>require</u> him to attend religious services'" (Dkt. 34-2 at 10) (emphasis in original) (quoting *Schmiege v. New York*, No. 21-CV-418-LJV, 2023 WL 8788876, at *7 (W.D.N.Y. Dec. 19, 2023)). Defendant asserts that Plaintiff did not allege:

> (1) that his sincere religious beliefs "require" him to attend religious services of a different faith, (2) that his Rastafarian faith "requires" him to attend Protestant services, nor has Plaintiff alleged (3) that his faith "requires" him

> to attend services at all. Indeed, Plaintiff's only allegation is that
> Rastafarians "worship the 'Bible,'" which is entirely irrelevant with respect
> to whether Plaintiff is "required" to attend a Protestant Easter service.

(*Id.*) (emphasis omitted). The Court disagrees with Defendant.

"It is well-established that the First Amendment affords inmates constitutional protection to practice their religion." *Barry v. Russo*, No. 22-CV-3835 (KMK), 2024 WL 965000, at *7 (S.D.N.Y. Mar. 5, 2024) (citing *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987)). The Second Circuit has explained that "[b]ecause 'the free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires,' courts are not permitted to inquire into the centrality of a professed belief to the adherent's religion. . . ." *Fifth Ave. Presbyterian Church v. City of New York*, 293 F.3d 570, 574 (2d Cir. 2002) (alteration omitted) (quoting *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 886-87 (1990)). "For that reason, 'an individual claiming violation of free exercise rights under § 1983 need only demonstrate that the beliefs professed are "sincerely held" and in the individual's "own scheme of things, religious."'" *Kravitz v. Purcell*, 87 F.4th 111, 123 (2d Cir. 2023) (alterations omitted) (quoting *Fifth Ave. Presbyterian Church*, 293 F.3d at 574). "[T]his same standard . . . appl[ies] to a prison inmate alleging a violation of his free exercise rights under § 1983." *Id.* To assess a free exercise claim brought by prison inmates:

> [A] court must determine (1) whether the practice asserted is religious in the
> person's scheme of beliefs, and whether the belief is sincerely held; (2)
> whether the challenged practice of the prison officials infringes upon the
> religious belief; and (3) whether the challenged practice of the prison
> officials furthers legitimate penological objectives.

*Id.* at 128 (alterations omitted) (quoting *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988)). "In the context of a § 1983 claim for a violation of the First Amendment, there is no requirement to show that the governmental burden on religious beliefs was 'substantial.'" *Id.* at 127. "Rather, 'a plaintiff may carry the burden of proving a free exercise violation . . . by showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not "neutral" or "generally applicable."'" *Id.* (quoting *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022)). Because the right to free exercise of religion in the prison context is balanced against the duties and interests of the prison officials, "an infringement of the free exercise of religion is permissible only if it is 'reasonably related to legitimate penological interests.'" *Id.* at 127-28 (quoting *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)).

In the proposed second amended complaint, Plaintiff alleges that he is a "registered Rastafarian" and a "worshipper of 'Jesus Christ.'" (Dkt. 36 at 17). Plaintiff further alleges that his "sincere religious beliefs require him to attend religious services . . . on a weekly basis" and that "Easter services is [sic] the celebration of the Resurrection of 'Jesus Christ,' and the Rastafarian faith worships the 'Blood Line' of 'Jesus Christ.'" (*Id.* at 18-19). According to Plaintiff, "attending services is more than worshipping just the 'Bible'" as the attendees "sing, read 'our daily bread' booklets, and . . . present testimony on how our sincere beliefs in 'Jesus Christ' has spiritually ameliorated us." (*Id.* at 19-20). Plaintiff alleges that Defendant burdened that exercise by barring Plaintiff from attending the Easter service because he was a Rastafarian. (*Id.* at 17-18).

Defendant's argument that Plaintiff has not alleged that his faith "'require[s]' [him] to attend a Protestant Easter service," (Dkt. 34-2 at 10), is unavailing.  A Plaintiff need not allege that his religion "requires" him to engage in a specific practice to state a free exercise violation.  *See Rogers v. Fontaine*, No. 3:23-CV-1350 (OAW), 2024 WL 83338, at *1-3 (D. Conn. Jan. 8, 2024) (denying motion to dismiss free exercise claim where the plaintiff alleged prison officials refused to procure Wiccan materials but provided Catholic and Muslim materials to other inmates); *Rodriguez v. Burnett*, No. 22-CV-10056 (PMH), 2024 WL 1466880, at *8 (S.D.N.Y. Apr. 4, 2024) (holding that the plaintiff's allegations that the defendants destroyed a shrine of religious items infringed on the plaintiff's free exercise of religion without a legitimate penological interest sufficient to survive a motion to dismiss).  Furthermore, Plaintiff's allegation that other inmates who were not Protestant could attend the Protestant service, (Dkt. 36 at 19), sufficiently alleges the lack of a penological interest regarding his own prohibition.  *See Muniz v. McCall*, No. 23 CIV. 4224 (DEH) (VF), 2024 WL 3522680, at *3-4 (S.D.N.Y. July 24, 2024) (holding on a motion to dismiss that the plaintiff's allegations that he could not have orisha prayer beads when other inmates were allowed to have them was "sufficient to establish the lack of a penological interest in depriving Plaintiff of the beads").

Accordingly, Plaintiff has demonstrated that the changes in his proposed second amended complaint would not render his free exercise claim futile.

### 2. Statute of Limitations

Defendant also argues that the facts alleged in Plaintiff's proposed second amended complaint render the action untimely under the three-year statute of limitations period applicable to § 1983 actions, as he contends in his motion to dismiss. (Dkt. 42 at 8-9). Although Plaintiff timely filed his original complaint, Defendant contends that the first amended complaint and proposed second amended complaint do not relate back to that timely filed pleading. (Dkt. 34-2 at 11-14; Dkt. 42 at 8-9). Limited to the allegations in his pleadings, the Court cannot agree with Defendant at this stage that Plaintiff's action is untimely.

"In some instances, 'an amended pleading relates back to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable limitations period.'" *DaCosta v. City of New York*, 296 F. Supp. 3d 569, 584 (E.D.N.Y. 2017) (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010)). In a § 1983 action, "courts are to assess both the state and federal relation back doctrines and apply whichever law is more generous." *Turner v. Suffolk Cnty.*, No. 18-CV-5235 (JMA) (AKT), 2022 WL 3357944, at *5 (E.D.N.Y. Aug. 15, 2022) (citations omitted).

### a. Federal Relation Back

The Court will first address Defendant's argument under Fed. R. Civ. P. 15(c)(1)(C). "Rule 15(c)(1)(C) is applicable in situations where the proposed new party was originally omitted from the suit on the basis of a 'mistake concerning the proper party's identity.'" *Girau v. Europower, Inc.*, 317 F.R.D. 414, 421 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)); *see In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y.

2014) (concluding that Rule 15(c)(1)(C) is available "where a plaintiff has sued the wrong

party or used the wrong name and seeks to amend to substitute the right party or the right

name"). An amended pleading adding a new party will relate back under Rule 15(c)(1)(C)

if the following conditions are met:

> (1) the claim must have arisen out of conduct set out in the original pleading;
> (2) the party to be brought in must have received such notice that it will not
> be prejudiced in maintaining its defense; (3) that party should have known
> that, but for a mistake of identity, the original action would have been
> brought against [him]; and (4) the second and third criteria are fulfilled
> within [90] days of the filing of the original complaint, and the original
> complaint was filed within the limitations period. [3]

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (alterations omitted) (quoting *Barrow*

*v. Wethersfield Police Dep't*, 66 F.3d 466, 468-69 (2d Cir. 1995)).

Plaintiff's claim accrued on Easter Sunday, April 21, 2019. (Dkt. 20 at ¶ 28).

Plaintiff's § 1983 claim is governed by a three-year statute of limitations period. *See Pearl*

*v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R. § 214(5)).

Therefore, the statute of limitations expired on April 21, 2022.

In his opposition to Plaintiff's motion for leave to amend, Defendant argues that the

proposed second amended complaint cannot relate back under Rule 15(c)(1)(C) because

the allegations relate to "an entirely distinct set of new transactions." (Dkt. 42 at 8)

(emphasis omitted). Defendant contends that "the Proposed Second Amended Complaint

alleges an entirely distinct set of depravations for every Sunday after Easter 2019." (*Id.*)

---

[3]    Rule 15(c)(1)(C) incorporates by reference the time for service of process set forth
in Federal Rule of Civil Procedure 4(m). At the time of the *Hogan* decision, Rule 4(m)
contained a 120-day time limit; that time limit has subsequently been shortened to 90 days.

(quotation and citation omitted).  As discussed above, the Court will not accept the allegations in Plaintiff's second amended complaint that he was barred from attending religious services every Sunday after Easter 2019, because those allegations directly contradict his prior sworn pleading.

Defendant also argues that Plaintiff's amended pleadings cannot relate back to the date the original complaint was filed because he did not have notice of the action until well after the statute of limitations period lapsed.[4]  (Dkt. 34-2 at 13-14).

As an initial matter, "[w]here a plaintiff fails to list a party in the caption, mislabels the proper defendant, or incorrectly spells his name, courts generally will grant leave to correct the mistake under Rule 15." *JCG v. Ercole*, No. 11 CIV. 6844 (CM)(JLC), 2014 WL 1630815, at \*18 (S.D.N.Y. Apr. 24, 2014), *report and recommendation adopted*, No. 11 CIV. 6844 CM JLC, 2014 WL 2769120 (S.D.N.Y. June 18, 2014); *see Burris v. Nassau Cnty. Dist. Att'y*, No. 14-CV-5540 (PKC) (ARL), 2023 WL 6450398, at \*12 (E.D.N.Y.

---

[4]     In support of his motion to dismiss, Defendant relies on an attorney declaration, in which Defendant's counsel asserts that Defendant was employed at the Ontario County Jail from September 15, 2004, to July 11, 2022, and was thus not an employee on "December 27, 2022, the date that service of the initial complaint naming 'Zweller' was ordered[.]" (Dkt. 34-1 at ¶¶ 8-9).  Defendant relies on *Lopez v. Wyckoff Heights Med. Ctr.*, 78 A.D.3d 664 (2d Dep't 2010), to support his argument that because Defendant was not employed by Ontario County at the time service on "Zweller" was ordered, he did not have adequate notice of the proceeding.  (Dkt. 34-2 at 13).  *Lopez* was decided on a motion for summary judgment and the Second Department specifically referenced the factual record in concluding that the defendant did not have notice.  *Lopez*, 78 A.D.3d at 665-666.  The Court cannot conclude based on "*the face* of the complaint," *Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16-CV-3179 (AJN), 2017 WL 3671039, at \*5 (S.D.N.Y. Aug. 8, 2017) (emphasis in original) (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)), that Defendant was not employed at the time of initial service of the complaint, and therefore, the Court will not consider the declaration in connection with the pending motion.

Sept. 30, 2023) (collecting cases). Although Plaintiff does not state that "Zweller" was an initial misspelling, it appears that he simply had the wrong name for Defendant when he filed the original complaint.

Indeed, the actions allegedly taken by "Zweller" and Defendant are similar across Plaintiff's pleadings. In the original complaint, Plaintiff alleges that "[Plaintiff] attended the church services every Sunday until Easter Sunday April 2019, when Correction Officer or Deputy Sheriff Mr. Zweller told me that I cannot attend church services no more because I'm registered as a Rastafarian. . . ." (Dkt. 1 at 2). In the first amended complaint, Plaintiff alleges that he "attended church services every Sunday until Easter Sunday April 2019, when the Deputy Sherrif Defendant Weller called the block and told the block officer that [Plaintiff] cannot come to services on Easter Sunday because he is a registered Rastafarian. . . ." (Dkt. 20 at ¶ 28). Similarly, in the proposed second amended complaint, in which Defendant is the only named defendant in the caption, Plaintiff alleges that "[he] attended Protestant Services every Sunday, until April 21st, 2019 Easter Sunday while signing up for services the Defendant stated to Plaintiff you can't go to Protestant Services because you are down as a registered Rastafarian. . . ." (Dkt. 36 at 17-18).

But the Court cannot resolve on this record that Defendant did not have timely notice of the proceeding to allow an amended complaint to relate back to the original pleading. "To relate back under Rule 15(c)(1)(C), the party to be added must have received notice of the action within the time period proscribed by Rule 4(m)." *Burris*, 2023 WL 6450398, at *10. Rule 4(m) gives a plaintiff 90 days after the complaint is filed to serve the defendant.

- 16 -

This time may be extended if the plaintiff shows good cause.  Fed. R. Civ. P 4(m). [5]  Actual

or constructive notice satisfies the notice requirement under Rule 15(c)(1)(C).  *Burris*, 2023

WL 6450398, at *10.

"When actual notice is absent, '[t]he court can impute [constructive notice] of a

lawsuit to a new defendant government official through his attorney, when the attorney

also represents the official(s) originally sued so long as there is some showing that the

attorney knew that the additional defendants would be added to the existing suit.'"  *Id.*

(quoting *Velez v. Fogarty*, No. 06-CV-13186(LAK) (HBP), 2008 WL 5062601, at *5

(S.D.N.Y. Nov. 20, 2008)).  "In deciding whether the government attorney possessed the

requisite knowledge, the question is whether the attorney knew or should have known that

the defendant[] . . . would be named within the limitations period."  *Id.* (internal quotation

omitted) (quoting *Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 139 (E.D.N.Y.

1998)); *see also Rogers v. Miller*, No. 16 CIV. 3610 (AMD) (VMS), 2018 WL 1136600,

at *4 (E.D.N.Y. Mar. 2, 2018) ("The key inquiry is whether the attorney had sufficient

---

[5]        Although the issue is not addressed by Defendant in the pending motion, the 90-day
window under Rule 4(m) was repeatedly tolled here and extended well past the original
deadline.  "Generally, where a litigant applies for *in forma pauperis* status, which confers
the automatic right to service of process by U.S. Marshals, the . . . time limit for service of
process pursuant to Fed. R. Civ. Proc. 4(m) is tolled during the pendency of that motion."
*Lawhorn v. Algarin*, No. 16-CV-6226-FPG, 2018 WL 1046794, at *9 (W.D.N.Y. Feb. 26,
2018) (quoting *Bastedo v. N. Rose-Wolcott Cent. Sch. Dist.*, No. 10-CV-6162L, 2011 WL
2110812, at *1 (W.D.N.Y. May 26, 2011)).    When a "[p]laintiff has been granted
permission to proceed IFP, [the plaintiff] is entitled to rely on the Court and the U.S.
Marshals Service to effect service."  *Encarnacion v. Irby*, No. 22-CV-1733 (ER), 2022 WL
1451403, at *4 (S.D.N.Y. May 9, 2022) (citing *Walker v. Schult*, 717 F.3d. 119, 123 n.6
(2d Cir. 2013)).  "Therefore, for an in forma pauperis litigant, the time to serve process
does not begin until the date that the summons is issued."  *Hamza v. Yandik*, No. 1:19-CV-
00447 (LEK/DJS), 2022 WL 976888, at *5 (N.D.N.Y. Mar. 31, 2022) (citation omitted).

knowledge of the identity of the defendant to enable him or her to inform the prospective defendant of the lawsuit and take steps to begin preparing a defense" (quoting *Feliciano v. Cnty. of Suffolk*, No. CV 04-5321 JS AKT, 2013 WL 1310399, at *8 (E.D.N.Y. Mar. 28, 2013))).  "The constructive notice doctrine relies on 'the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period.'"  *Rogers*, 2018 WL 1136600, at *4 (quoting *Velez*, 2008 WL 5062601, at *6).

Defendant's counsel had notice of this proceeding by December 27, 2022, when a copy of the first screening order and original complaint was mailed to the Ontario County Attorney's Office.  (*See* Dkt. 12 at 16).  A summons was issued shortly thereafter for "Zweller" on February 17, 2023, which was returned unexecuted on April 6, 2023.  (Dkt. 16).  Defendant's counsel, on behalf of Ontario County, submitted a letter to the Court on March 3, 2023, stating that "Ontario County has no record of an employee with the first or last name of 'Zweller' during the timeframe at issue in the Complaint" and was therefore unable to accept service on his behalf.  (Dkt. 13).  The Court issued an order on March 3, 2023, demanding that Plaintiff provide more information to identify "Zweller," (Dkt. 14), but Plaintiff never responded to that order.  Defendant's counsel then filed a second letter with the Court requesting dismissal of the action because Plaintiff failed to respond to the order within the specified time range.  (Dkt. 17).  But the Court rejected that request for dismissal as the Ontario County Attorney's Office did not represent any party in the litigation at the time it submitted the second letter.  (*See* Dkt. 18).

This case is similar to *Burris*. In that case, the plaintiff alleged that a Nassau County corrections officer subjected him to excessive force. *Burris*, 2023 WL 6450398, at *1. In his original complaint, the plaintiff named several police departments and district attorney offices as defendants, but did not name any individual defendants. *Id.* However, the plaintiff identified a corrections officer named "Spattla" as the one who used excessive force in the body of his complaint. *Id.* Over two years later, Plaintiff filed an amended complaint that sought to add "C.O. Spatula" as a defendant. *Id.* at *2. In a second amended complaint, the plaintiff changed the spelling of the defendant's name to "Spattula" and the court permitted the excessive force claim to proceed against "Spattula." *Id.* Corporation counsel identified the defendant as "Spatarella" and moved to dismiss the complaint, arguing that Spatarella was not served within the time period required by Fed. R. Civ. P. 4(m) and that the action was time barred. *Id.* The court held that the excessive force claim was not time barred because the plaintiff's "first two complaints—both of which were filed before [the statute of limitation ended]—already named Spatarella (albeit spelled incorrectly), as a defendant and raised specific claims against Spatarella." *Id.* at *8. The court also determined that, even if the description of Spatarella were insufficient in the original complaint, the second amended complaint related back to the date of the original complaint under Rule 15(c)(1)(C) as Spatarella had constructive notice of the suit because corporation counsel also represented municipal defendants named in the original complaint. *Id.* at *11. The court held that "Corporation Counsel should have known that, given the deficiencies of the original [c]omplaint, Spatarella should have been named, and would, when the mispleading became evident, be added as a defendant." *Id.* (quotation

and alterations in original omitted) (quoting *Mosley v. Jablonsky*, 209 F.R.D. 48, 53 (E.D.N.Y. 2002)).

The notable difference between this case and *Burris* is that the Ontario County Attorney's Office represented no other defendant when the action was initially commenced. *Cf. Byrd v. Abate*, 964 F. Supp. 140, 146 (S.D.N.Y. 1997) ("Notice of a lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represents the officials originally sued."); *Almeda v. City of New York*, No. 00-CV-1407 (FB), 2001 WL 868286, at *3 (E.D.N.Y. July 26, 2001) ("Corporation Counsel should have known that [the individual defendant] would be added to this action when it received the original complaint, which failed to assert a *Monell* claim against the City or name an individual defendant, but identified [the later-named individual defendant] by name. . . ."). Furthermore, the Court ordered Plaintiff to provide more information to help the Ontario County Attorney's Office identify Defendant "Zweller," (Dkt. 14), but Plaintiff did not respond to that order. Instead, Plaintiff filed his first amended complaint, which identified Defendant as "Weller" for the first time. (Dkt. 20).

The Court cannot determine on this record whether that notice was sufficient such that Defendant "will not be prejudiced in maintaining a defense on the merits." *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Although "[k]nowledge of the pendency of an action [by the defendant's attorney] may be imputed to a party to be added as a defendant" there must be "some showing that the [proposed defendant's] attorney[] knew that the additional defendant[] would be added to the existing suit." *Almeda*, 2001 WL 868286, at *3 (quoting *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989)). There has been no such showing

here and the Court cannot resolve this issue on the current record. Accordingly, Defendant's argument that Plaintiff's second amended complaint would be futile because of a statute of limitations defense is denied.

### b. New York State Relation Back

For the same reasons, the Court cannot resolve the statute of limitations defense under New York's relation-back statute. "New York's general relation-back provision for claims brought against a new defendant is C.P.L.R. § 203." *Turner*, 2022 WL 3357944, at *5. "New York relation back doctrine [under N.Y. C.P.L.R. § 203] . . . is more generous than [the] federal relation back doctrine." *Abdell v. City of New York*, No. 05-CV-8453(KMK)(JCF), 2006 WL 2620927, at *5 (S.D.N.Y. Sept. 12, 2006). Under C.P.L.R. 203, a claim against a new defendant relates back to a timely filed pleading against another defendant if three conditions are met:

> (1) both claims arose out of [the] same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintain his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.

*Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995) (citation omitted). In *Buran*, the New York State Court of Appeals held that "the primary consideration in such cases—whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter had been laid to rest as far as he is concerned." *Id.* at 178 (emphasis and internal quotations omitted).

As noted above, the claim at issue in the original complaint, first amended complaint, and proposed second amended complaint is the same. "Zweller" and Defendant are united in interest as the pleadings indicate that they are the same individual but Plaintiff mistakenly misspelled Defendant's name in the original complaint. But similar to the federal standard, the Court cannot resolve on this record that Defendant did not receive timely notice of the action such that he is prejudiced in maintaining his defense.

Therefore, the Court cannot conclude that Plaintiff's proposed second amended complaint is futile. Thus, the Court will permit Plaintiff to proceed on the seconded amended complaint to the extent that the allegations in the proposed second amended complaint do not directly contradict the factual allegations in his earlier pleading. Defendant may also reassert his statute of limitations defense at a later stage.

## II.    **Motion to Dismiss**

As the Court will permit Plaintiff to proceed on his proposed second amended complaint, Defendant's motion to dismiss the first amended complaint is denied as moot. *See Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F. Supp. 2d 357, 362 (W.D.N.Y. 2013) (explaining that when a plaintiff amends his complaint while a motion to dismiss is pending, "a court may either deny the motion as moot or consider it in light of the amended pleading."). Defendant shall answer or otherwise respond to the second amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(3).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for leave to amend his complaint (Dkt. 36) is granted in part and denied in part; Defendant's motion to dismiss (Dkt. 34) is denied as moot; and Plaintiff's motion for an order related to pretrial conference and discovery demands (Dkt. 44) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 21, 2025
       Rochester, New York